■ In the Matter of WENDELL R. AMES, as Director of Monroe County Department of Health.— Order entered authorizing destruction of certain records under section 89 of the Judiciary Law.

■ ROCCO F. DE PERNO et al., Appellants, v. HARRY ROSENBERG, Respondent.— Motion to dismiss appeal denied. Memorandum: The record should contain all the papers recited in the order upon which the judgment was entered.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. STERLING SCHOONOVER, Appellant.— Motion to prosecute appeal as a poor person, and for other relief denied and motion to dismiss appeal granted.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DANIEL SCHWARZ, Appellant.— Motion granted and appeal dismissed.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BERNARD WILLIAMS, Appellant.— Order dismissing appeal vacated, motion granted to prosecute on original record, typewritten briefs, and Peter J. Murrett, Jr., Esq., Buffalo, assigned as counsel to conduct appeal.

■ (A) JACOB KARWAT, Appellant, v. EASTERN AMBULANCE SERVICE, INC., Respondent. (B) THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PEARLE J. MULLIN, Appellant.— [In each action] Appeal dismissed, without costs, upon stipulation.

■ In the Matter of ELIZABETH CORDARO, Appellant, v. JOSEPH S. CORDARO, Respondent.— Stay granted pending hearing and determination of appeal.

■ NOREEN MATHIS, Plaintiff, v. DENNIS COONEY, Defendant.— Motion for a stay denied.

■ (A) DOMINIC DI CIOCCIO, Respondent, v. ANTHONY DI RIENZO et al., Appellants. (Dec. 12, 1962.) (B) In the Matter of BERNARD S. DOBOSEN, Doing Business as THE TOWERS, Petitioner, v. MARTIN C. EPSTEIN, et al., Constituting the STATE LIQUOR AUTHORITY, Respondent. (Oct. 31, 1962.) (C) VAN As & GOTTEMEIER, INC., Respondent, v. H. WILLIAM SAFFRAN et al., Appellants. (Dec. 12, 1962.) — [In each action] Appeal dismissed unless records and briefs are filed and served as indicated.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANCIS WAGER, Appellant.— Motion to prosecute appeal as a poor person, and for other relief denied.

■ (A) THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JARIUS CHRISJOHN, Appellant. (B) THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JAMES CARNEY, Appellant. (C) THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. STEPHEN PELOW, Appellant. (D) THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MORAN TYSON, Appellant.— [In each action] Motion to prosecute appeal as poor person, and for other relief, denied, with Memorandum: The claims asserted by the appellant cannot be made the basis of any relief in *coram nobis*.

■ (A) THE PEOPLE OF THE STATE OF NEW YORK v. JOHN LEWIS ENGLISH (January 1963 Term). (B) THE PEOPLE OF THE STATE OF NEW YORK v. RICHARD MILLER and ROBERT JACKSON (November 1962 Term).— [In each action] Motion granted and time for argument of appeal enlarged as indicated.

■ (A) THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN BATTAGLIA v. WALTER H. WILKINS, as Warden of Attica Prison. (Edmund S. Brown, Jr., Esq.) (B) THE PEOPLE OF THE STATE OF NEW YORK v. WILLIAM P. HOWARD. (Lewis G. Spicer, Jr., Esq.) (C) THE PEOPLE OF THE STATE OF NEW YORK v. HERBERT A. JOHNSON. (Roger Scott, Esq.) (D) THE PEOPLE OF THE STATE OF NEW YORK ex rel. ELLSWORTH LYNCH v. ROBERT E. MURPHY, as Warden of Auburn Prison. (Robert E. White, Esq.) (E) THE PEOPLE OF THE STATE OF

NEW YORK ex rel. ROBERT MORTON v. JAMES McDONALD, as Sheriff of Cayuga County. (Paul Magill, Esq.) (F) THE PEOPLE OF THE STATE OF NEW YORK v. FLOYD EDWARD MATSON. (John J. Dee, Esq.) (G) THE PEOPLE OF THE STATE OF NEW YORK v. MARTIN J. WRIGHT, JR. (David Franz, Esq.) — [In each action] Motion granted to prosecute appeal on original records, typewritten briefs, and counsel assigned, as indicated.

■ THE PEOPLE OF THE STATE OF NEW YORK v. FLENORY JONES, JR. (Peter B. Carr, Esq.) — Appeal dismissed unless briefs filed on or before Dec. 12, 1962.

■ THE PEOPLE OF THE STATE OF NEW YORK v. RICHARD SIMPSON. (De Banks M. Henward, Esq.) — Motion to dismiss appeal denied.

■

## (October 26, 1962)

■ ELLICOTT PAINT CO., INC., Plaintiff, v. BUFFALO EVENING NEWS, INC., et al., Defendants. BUFFALO EVENING NEWS, INC., Respondent; UNITED STATES OF AMERICA, Appellant.— Order unanimously modified in accordance with the memorandum, and as modified, affirmed, without costs of this appeal to any party. Memorandum: This is an appeal from an order awarding counsel fees to the stakeholder in an interpleader action to be paid out of the balance of the fund against which the United States Government asserts a tax lien. The Government's lien attaches to "all property and rights to property" belonging to the delinquent taxpayer. (U. S. Code, tit. 26, § 6321.) A determination of what constitutes the property of the tax debtor is primarily a matter of State law. (30 Am. Jur., Internal Revenue, § 219.) *Acquilino* v. *United States* (10 N Y 2d 271) holds that the contractor does not have a sufficient beneficial interest in the fund held by the owner to give him a property interest except insofar as there is a balance remaining after all subcontractors and other statutory beneficiaries have been paid. In this case, there remains a balance after the payment of the materialman and it is to this balance that the tax lien attaches. The respondent, as stakeholder, is not one of the beneficiaries of the trust fund provisions of the Lien Law. Its rights stem from subdivision 7 of section 285 of the Civil Practice Act which contains no trust fund provision. Following the decisions in *United States* v. *Liverpool & London Ins. Co.* (348 U. S. 215) and *United States* v. *Ball Constr. Co.* (355 U. S. 587, rehearing denied 356 U. S. 934) other courts in recent decisions have denied the right of the stakeholder to recover his counsel fees in similar instances. *Seaboard Sur. Co.* v. *United States* (62-2 U. S. T. C.) is the latest authority in such cases. The order should be modified by striking therefrom the last two ordering paragraphs and, as modified, the order should be affirmed, without costs. (Appeal by United States of America, interpleaded defendant-claimant, from an order of Erie Special Term adjudging that the balance of a fund after payment of plaintiff be paid to United States of America for withholding taxes after allowing counsel fees to the Buffalo Evening News, Inc.) Present — Williams, P. J., Bastow, Goldman, Halpern and Henry, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT ALEO, Appellant.— Judgment of conviction reversed on the law and facts and a new trial granted. Memorandum: Appellant stands convicted of the crime of grand larceny in the first degree for the theft of gems from a jewelry store. No one saw him steal the gems and they have not been recovered. His conviction rests solely on circumstantial evidence showing that he had an opportunity to